
82 A.3d 941

COMMONWEALTH of Pennsylvania, Appellee

v.

Orlando BAEZ, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 27, 2012.

Decided Dec. 16, 2013.

Victor J. Abreu, Jr., Esq., Federal Public Defender's Office, Samuel J.B. Angell, Esq., Defender Association of Philadelphia, Cristi A. Charpentier, Esq., for Orlando Baez.

Kelly M. Sekula, Esq., Amy Zapp, Esq., Office of Attorney General, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, (C.J.), SAYLOR, EAKIN, BAER, TODD, MCCAFFERY, ORIE MELVIN, JJ.

## ORDER

PER CURIAM.

**AND NOW,** this 16th day of December, 2013, the May 1, 2007 and July 18, 2011 orders of the Lancaster County Court of Common Pleas issued pursuant to the Post Conviction Relief Act ("PCRA") are **VACATED.** For the reasons stated below, the PCRA petition and its amendments are reinstated, and the matter is **REMANDED** to the PCRA court for review and disposition limited to the issues raised in the PCRA petition as amended, including holding an evidentiary hearing on any claim which the court believes raises a material issue of fact and is not resolvable as a matter of law, in accordance

with applicable rules and decisional law. The PCRA court is further directed to prepare a thorough opinion supporting its decision.

Presently, this Court is unable to conduct effective appellate review in light of the PCRA court's determination—without further explanation in a reasoned opinion—that the majority of Appellant's claims were previously litigated or waived. Many of these claims contained pleading deficiencies that were correctable; however, the PCRA court failed to order amendment of Appellant's petition pursuant to Pa.R.Crim.P. 905(B), and failed to provide Appellant notice of its intent to dismiss or the opportunity to respond and address the deficiencies in his petition pursuant to Pa.R.Crim.P. 909(B). As a result, Appellant did not have the opportunity to "cure" the defects in his petition as contemplated by the notice of intent to dismiss process. *See* Pa.R.Crim.P. 909(B)(2). Moreover, in dismissing Appellant's layered ineffectiveness claims on the grounds they were previously litigated or waived, the PCRA court failed to acknowledge or appreciate this Court's case law concerning the pleading and presentation of PCRA ineffectiveness claims which developed from the time Appellant filed his initial PCRA petition in 1999 until the time his petition was dismissed in 2007. *See Commonwealth v. Williams,* 566 Pa. 553, 782 A.2d 517 (2001); *Commonwealth v. McGill,* 574 Pa. 574, 832 A.2d 1014 (2003); *Commonwealth v. Collins,* 585 Pa. 45, 888 A.2d 564 (2005). The PCRA court's failure has left this Court with no guidance on the merits of Appellant's claims, impeding our ability to conduct meaningful appellate review.

Additionally, on remand, the PCRA court is directed to determine whether current counsel from the Federal Community Defender's Office should continue to represent Appellant in this state capital PCRA proceeding, or whether other appropriate post-conviction counsel should be appointed, as the source of that organization's authority to conduct proceedings in state court in the present case is unclear. *See* 18 U.S.C. § 3599(a)(2) (authorizing appointment of counsel to indigent

state defendants actively pursuing federal *habeas corpus* relief from death sentence).

Jurisdiction relinquished.

Justice TODD dissents from that portion of this Order directing that the PCRA court investigate the lawfulness of current counsel's representation, as she maintains the position that any impropriety in the FCDO's representation in state court matters, if appropriately identified, should be dealt with in the normal course of disciplinary proceedings. *See Commonwealth v. Wright,* 621 Pa. 446, 78 A.3d 1070 (2013) (Todd, J., concurring and dissenting).